# Lotspeich & Ponder *v.* Central Railroad and Banking Company of Georgia.

*Action against Railroad Company for Statutory Penalty for Excessive Charges on Freight.*

1. *Basis of penalty for excessive charges on freight by railroad company under act approved April 19th, 1873.*—The rate on freight carried over the whole line of a railroad company, which furnishes the basis for the additional fifty per cent. allowed by the act of the General Assembly, approved April 19th, 1873, for the transportation of "local freight," is the rate charged on freight taken on at one terminus, and discharged at the other; and not the rate for freight brought from, or carried to a point beyond either terminus of the road.   (*M. & M. Railway Co. v. Steiner*, 61 Ala. 559, reaffirmed on this point.)

2. *Bill of lading by railroad company to deliver freight beyond its line may be given, but can not be coerced.*—While a railroad company may give a bill of lading to deliver freight at a point beyond its line, which binds the company for safe delivery at the agreed point of destination, this is simply a matter of agreement between the shipper and the company, in the absence of which the company is not liable for a loss occurring after the freight has passed beyond its line; and the company can not be compelled to give such a bill of lading.

3. *When testimony fails to furnish a basis for determining reasonableness of charges by railroad company.*—Where, in an action against a railroad company by a shipper, to recover the excess of charges on cotton shipped by him over and above what was reasonable, the only testimony bearing on the question of the reasonableness of the charges paid by him was, that the rates of freight on compressed cotton shipped from Montgomery or Selma, were about fifty per cent. in excess of the rates paid by him on uncompressed cotton shipped from Opelika, a point sixty-six miles less in distance than Montgomery, and one hundred and sixteen miles less in distance than Selma, from the terminus of the road to which the cotton was shipped, it being common knowledge that compressing cotton bales reduces their bulk about one-half, the testimony was wholly insufficient to furnish a basis for determining the reasonableness of the

[Lotspeich & Ponder v..Central R. R. & Banking Co. of Ga.]

charges; and hence, the primary court did not err in refusing to submit that question to the jury.

APPEAL from Lee Circuit Court.

Tried before Hon. H. D. CLAYTON.

This action was brought by Lotspeich & Ponder against the Central Railroad and Banking Company of Georgia, and the Georgia Railroad and Banking Company, corporations owning and operating, as is averred, a railroad from Selma, Alabama, to the State line between Alabama and Georgia; and was commenced on 9th April, 1878. The complaint contains several counts, one being for money had and received by the defendants to the plaintiffs' use, and the other seeking to recover the penalty allowed by the act of the General Assembly approved April 19th, 1873, for excessive charges on cotton shipped by the plaintiffs on the defendants' railroad. The facts disclosed by the record, so far as is necessary to an understanding of the points decided, are sufficiently stated in the opinion. The court charged the jury, at the written request of the defendants, that if they believed the evidence, they must find for them, and the plaintiffs excepted. This charge is here assigned as error.

WM. H. BARNES, for appellant.

GEO. P. HARRISON, JR., contra.

STONE, J.—In *Mobile and Montgomery Railroad Co. v. Steiner & McGehee*, construing the act of April 19th, 1873, we said: "The rate on freight '*carried over the whole line of its road,*' which furnishes the basis for the additional fifty per cent. allowed by that act for the transportation of 'local freight,' is the rate charged on freight taken on at one terminus, and discharged at the other; and not the rate for freight brought from, or carried to a point beyond the termini of the road." 61 Ala. 559. We are asked to review and reverse that ruling. Nothing has occurred to change our opinion then expressed, while the facts of this case tend to confirm the conclusions we then announced.

It is further contended for appellants that the charges made and collected by the railroad in this case were unreasonable, and therefore they ought to recover back the excess, as so much money had and received. And it is claimed that this question should have been submitted to the jury, for them to determine whether or not the charges were reasonable.

The testimony bearing on this question is clear and without conflict. There was, in fact, no question of local freight in the

[Tutwiler v. Munford.]

case. All the cotton shipped, excessive transportation-charges on which are complained of, was consigned to points hundreds of miles beyond the terminus of the railroad, whose bill of lading was taken. Bills of lading by railroad companies are frequently given, binding the company to deliver at a point beyond their line. Such bills bind the company for safe delivery at the agreed point of destination.—*M. & G. Railroad Co. v. Copeland*, 63 Ala. 219. This, however, is a question of contract; and in the absence of a special contract to deliver, the receiving railroad is not liable for a loss or injury occurring after the freight has passed from its line. Nor can a railroad corporation be compelled to give a bill of lading for delivery beyond its line. It is simply a matter of agreement between the shipper and the receiving road. The only testimony bearing on the question of reasonableness in the charges, is as follows: From the various points to which cotton, shipped over defendants' road and its connections, was consigned, the distance to Montgomery, Alabama, was sixty-six miles greater than the distance to Opelika, from which last point plaintiffs did their shipping. The distance to Selma was fifty miles greater than that to Montgomery. The shipping rates from Opelika were about fifty per cent. in excess of those charged from Montgomery and Selma. But cotton shipped from the last two points was always compressed, while that shipped from Opelika was not compressed. It is common knowledge that compressing cotton bales reduces their bulk probably one-half. What would have been the rate of non-compressed bales from Selma or Montgomery, is nowhere shown. No testimony was produced, at all calculated to furnish a basis for determining the resonableness of the charges; and hence, nothing was before the jury to justify the court in submitting that question to them.

We find no error in the record, and the judgment of the circuit court must be affirmed.